IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FOAD ASSOU, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:20-CV-771-RP |
| § | | |
| THE KENAN ADVANTAGE GROUP, § | | |
| KENAN TRANSPORT LLC, PETRO § | | |
| CHEMICAL TRANSPORT LLC, and GHION § | | |
| TSEGA, § | | |
| § | | |
| Defendants. § | | |

**ORDER**

Before the Court is Plaintiff Foad Assou's ("Assou") Motion for Substitute Service of Process. (Dkt. 4). Assou filed his complaint on July 23, 2020. (Dkt. 1). Assou has thus far been unable to serve Defendant Ghion Tsega ("Tsega"), despite several attempts. (*See* Mot., Dkt. 4, at 1, 4). Accordingly, Assou requests that the Court permit him to serve Tsega through substitute service at his last known address—by leaving the summons and complaint with anyone over the age of sixteen or by securely attaching it to the door frame—or any other means that would give Tsega reasonable notice of the suit. (*Id.* at 2). Having considered the motion and the relevant law, the Court finds that it should be granted.

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas law prefers personal service over substitute service because personal service ensures greater reliability. *Texas v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin, 2009, no pet.). Thus, Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. A court may only authorize

1

substitute service after attempted service by one of these two methods. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993).

If personal service or service by mail is unsuccessful, however, a court may authorize another method of service. Tex. R. Civ. P. 106(b). A plaintiff seeking substitute service must file a motion supported by an affidavit stating the location of the defendant's "usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that [personal service or service by certified mail] has been attempted . . . at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b). The affidavit submitted by plaintiffs must strictly comply with the requirements of Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If these requirements are met, a court may authorize one of two other methods. First, the Court may authorize service by leaving a copy of the citation with a copy of the petition with anyone over the age of 16 at the location specified in the affidavit. Tex. R. Civ. P. 106(b)(1). Second, the Court may authorize service "in any other manner that the affidavit or other evidence . . . shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Assou has met these requirements. Assou has filed a motion for substitute service of process supported by the affidavit of Emmanuel Morales, the process server. (Morales Aff., Dkt. 4-1). Morales represents that he has attempted to serve Tsega in person at 1808 Bent Oak Cove, Leander, Texas, 78641, three times, but has been unsuccessful. (*Id.* at 1). Morales spoke with a female individual at the residence who said Tsega was out of town. (*Id.*). On another occasion, Morales spoke by phone with Tsega, who hung up on him. (*Id.*).

Accordingly, **IT IS ORDERED** that Assou may serve Tsega by delivering a copy of the summons in a civil action, complaint, and civil cover sheet to anyone over sixteen years of age at Tsega's residence, 1808 Bent Oak Cove, Leander, Texas, 78641, or by affixing or posting a copy of

the summons in a civil action, complaint, and civil cover sheet to the front door at that address. In either case, Assou shall then mail a copy of the summons in a civil action, complaint, and civil cover sheet to Tsega at the above address by registered or certified mail, return receipt requested.

  **SIGNED** on September 3, 2020.

            _____
            ROBERT PITMAN
            UNITED STATES DISTRICT JUDGE